UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAKEISHA TERRY, ON
BEHALF OF HERSELF AND
THOSE SIMILARLY
SITUATED,                                             CASE NO.:

      Plaintiff,

vs.

OILS UNKUT CORPORATION,
AND TILLMAN HUGHES,
INDIVIDUALLY,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAKEISHA TERRY, on behalf of herself and those similarly situated, by and through the undersigned attorney, sues the Defendants, OILS UNKUT CORPORATION, and TILLMAN HUGHES, Individually, and alleges:

1.    Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2.    Plaintiff was an hourly paid employee performing store manager

activities within the last three years for Defendants in Fulton County, Georgia, among other locations.

3. Specifically, Plaintiff worked for Defendants from September 2012 to October 2014.

4. While working for Defendant, Plaintiff was paid $8.00 per hour for all hours worked.

5. Defendant, OILS UNKUT CORPORATION, is a Georgia Corporation that operates and conducts business in, among other locations, Fulton County, Georgia and is therefore, within the jurisdiction of this Court.

6. At all times relevant to this action, TILLMAN HUGHES was an individual resident of the State of Georgia, who owned and operated OILS UNKUT CORPORATION and who regularly exercised the authority to: (a) hire and fire employees of OILS UNKUT CORPORATION; (b) determine the work schedules for the employees of OILS UNKUT CORPORATION; and (c) control the finances and operations of OILS UNKUT CORPORATION.  By virtue of having regularly exercised that authority on behalf of OILS UNKUT CORPORATION, TILLMAN HUGHES is an employer as defined by 29 U.S.C. § 201, et seq.

7. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and

costs. This action is intended to include each and every hourly paid employee who worked for Defendants at any time within the past three (3) years within the State of Georgia.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9. During Plaintiff's employment with Defendants, Defendant, OILS UNKUT CORPORATION, earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendant, Defendant, OILS UNKUT CORPORATION, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were fragrances and other product sold by Defendants, cash register machines, telephones and other retail goods, materials and supplies which had been carried in interstate commerce.

12. Therefore, Defendant, OILS UNKUT CORPORATION, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

13. During their employment with Defendants, Plaintiff and those

similarly situated employees, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

14.   Specifically, Plaintiff and the similarly situated employees were only paid straight time (i.e., their regular hourly rate), for all overtime hours worked.  Attached as Exhibit A are examples which show that Plaintiff was paid straight time for her overtime hours worked.  (For example, for pay period July 31, 2013 to August 13, 2013, Plaintiff was paid $691.44 for 86.43 hours worked.  $691.44 / 86.43 hours = $8.00 per hour, even for the overtime hours worked.)

15.   Based on information and belief, all other hourly employees of Defendants were paid in the same manner.

16.   Such a practice violates the FLSA since Plaintiff and those similarly situated employees were not paid time and one-half of their hourly rate for all overtime hours worked.

17.   The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

18.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees, are in the possession and custody of Defendants.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

19.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

20.     Plaintiff and those similarly situated employees, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

21.     During their employment with Defendants, Plaintiff and those similarly situated employees, worked overtime hours but were not paid time and one-half compensation for same.

22.     Instead, Plaintiff and those similarly situated employees were paid "straight time" for their overtime hours worked. *See* ¶¶ 14-16, and Exhibit A.

23.     Defendants did not have a good faith basis for their decision to only pay Plaintiff and those similarly situated employees straight time for their overtime hours worked.

24.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated employees, time and one-

half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated employees, have suffered damages plus incurring reasonable attorneys' fees and costs.

25. As a result of Defendants' willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

26. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, LAKEISHA TERRY, on behalf of herself and those similarly situated, demand judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 5th day of October, 2015.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*