# EXHIBIT "A"

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between Lakeisha Terry, on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Terry") and Oils Unkut Corporation and Tillman Hughes, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Terry and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Terry.

WHEREAS, Terry was employed by The Released Parties; and

WHEREAS, Terry has alleged unlawful employment practices in violation of federal law against The Released Parties by filing a lawsuit titled *Lakeisha Terry, et al., v. Oils Unkut Corporation and Tillman Hughes*, Case No. 1:15-cv-3527 (N.D. Ga., Atlanta Division), allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. The Released Parties agree to pay the total amount of **ELEVEN THOUSAND DOLLARS ($11,000.00),** inclusive of attorneys' fees and costs, allocated in six (6) month installments as follows:

**First Installment due May 23, 2016:**

A. A payroll check in the amount of $3,000.00 made payable to LAKEISHA TERRY representing unpaid overtime wages. This amount shall be treated as wages with the applicable taxes and legal deductions made;

B. A check in the amount of $833.34, made payable to her attorneys, Morgan & Morgan, P.A. for attorney's fees and costs.

**Second Installment due June 24, 2016:**

A. A check in the amount of $600.00 made payable to LAKEISHA TERRY, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued;

B. A check in the amount of $833.33, made payable to her attorneys, Morgan & Morgan, P.A. for attorney's fees and costs.

**Third Installment due July 22, 2016:**

A. A check in the amount of $600.00 made payable to LAKEISHA TERRY, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued;

B. A check in the amount of $833.33, made payable to her attorneys, Morgan & Morgan, P.A. for attorney's fees and costs.

**Fourth Installment due August 22, 2016:**

A. A check in the amount of $600.00 made payable to LAKEISHA TERRY, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued;

B. A check in the amount of $833.33, made payable to her attorneys, Morgan & Morgan, P.A. for attorney's fees and costs.

**Fifth Installment due September 23, 2016:**

 A. A check in the amount of $600.00 made payable to LAKEISHA TERRY, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued;

 B. A check in the amount of $833.33, made payable to her attorneys, Morgan & Morgan, P.A. for attorney's fees and costs.

**Sixth Installment due October 21, 2016:**

 A. A check in the amount of $600.00 made payable to LAKEISHA TERRY, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued;

 B. A check in the amount of $833.33, made payable to her attorneys, Morgan & Morgan, P.A. for attorney's fees and costs.

2. Terry agrees that this is a disputed claim and represents that upon receipt of the above mentioned funds, she will have released her claim for overtime compensation under the Fair Labor Standards Act. The Parties agree to file an appropriate motion or pleading with the Court to dismiss Terry's claim with prejudice.

3. By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

4. Terry agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Terry further agrees that the Released Parties shall not be under any obligation to employ or contract with her and that, should any application be made by her, the Released Parties shall not have any obligation to process that application or to hire her and that the failure to process the application

or to hire her shall not constitute a violation of any local, state or federal law. If any prospective employer contacts The Released Parties regarding Terry, The Released Parties will give a neutral reference indicating only Terry dates of employment, pay rate and position.

5.      Confidentiality. Except where compelled by law, the parties agree not to disclose or publicize the terms or existence of this Agreement to anyone other than their spouse(s), attorney(s) and tax advisor(s) or accountant(s), all of whom shall be notified of this limitation and agree to be bound by the terms of these agreements prior to discussion of these matters. If asked about this matter by anyone else, Terry agrees only to state that she has elected not to pursue the matter further.

6.      Non-Disparagement. No Party shall make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging of the other Parties, their products, services, affairs or operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander.

7.      Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

8.      Terry represents and warrants that she is authorized to enter into and that she has the authority to perform the terms of this Agreement. Terry represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

9.      If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of

this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

10. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

11. This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

12. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

13. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

14. Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

15. The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

16. The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

17. Terry acknowledges that she has been advised to consult an attorney prior to signing this agreement. Terry understands that whether or not she consults with an attorney is her decision. In this respect, Terry has consulted with and been advised by C. Ryan Morgan, Esquire in this matter and is satisfied that Mr. Morgan has provided her excellent legal advice and has explained to her all of her options in connection with this Agreement.

18. This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: 05/11/2016                     _____
                                      LAKEISHA TERRY


Date: _____        _____
                                      Sign: _____

                                      Print Name: _____
                                      Representative of OILS UNKUT
                                      CORPORATION


Date: _____        _____
                                      TILLMAN HUGHES

6

16.    The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

17.    Terry acknowledges that she has been advised to consult an attorney prior to signing this agreement. Terry understands that whether or not she consults with an attorney is her decision. In this respect, Terry has consulted with and been advised by C. Ryan Morgan, Esquire in this matter and is satisfied that Mr. Morgan has provided her excellent legal advice and has explained to her all of her options in connection with this Agreement.

18.    This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: _____

**LAKEISHA TERRY**

Date: _____5/13/2016_____

Sign: _____
Tillman Hughes

Print Name: _____
**Representative of OILS UNKUT CORPORATION**

Date: _____5/13/2016_____

_____
**TILLMAN HUGHES**

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between Charles Faulk, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Faulk") and Oils Unkut Corporation and Tillman Hughes, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Faulk and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Faulk.

WHEREAS, Faulk was employed by The Released Parties; and

WHEREAS, Faulk has alleged unlawful employment practices in violation of federal law against The Released Parties by joining a lawsuit titled *Lakeisha Terry, et al., v. Oils Unkut Corporation and Tillman Hughes*, Case No. 1:15-cv-3527 (N.D. Ga., Atlanta Division), allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. The Released Parties agree to pay the total amount of **THREE THOUSAND FOUR HUNDRED DOLLARS ($3,400.00)**, inclusive of attorneys' fees and costs, allocated in six (6) month installments as follows:

**First Installment due June 6, 2016:**

 A. A payroll check in the amount of $566.67 made payable to CHARLES FAULK representing unpaid overtime wages. This amount shall be treated as wages with the applicable taxes and legal deductions made;

**Second Installment due July 5, 2016:**

 A. A check in the amount of $566.67 made payable to CHARLES FAULK, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued;

**Third Installment due August 8, 2016:**

 A. A check in the amount of $566.67 made payable to CHARLES FAULK, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued;

**Fourth Installment due September 6, 2016:**

 A. A check in the amount of $566.67 made payable to CHARLES FAULK, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued;

**Fifth Installment due October 3, 2016:**

 A. A check in the amount of $566.66 made payable to CHARLES FAULK, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued;

**Sixth Installment due November 7, 2016:**

    A. A check in the amount of $566.66 made payable to CHARLES FAULK, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued;

2. Faulk agrees that this is a disputed claim and represents that upon receipt of the above mentioned funds, he will have released his claim for overtime compensation under the Fair Labor Standards Act. The Parties agree to file an appropriate motion or pleading with the Court to dismiss Faulk's claim with prejudice.

3. By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

4. Faulk agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Faulk further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law. If any prospective employer contacts The Released Parties regarding Faulk, The Released Parties will give a neutral reference indicating only Faulk dates of employment, pay rate and position.

5. <u>Confidentiality</u>. Except where compelled by law, the parties agree not to disclose or publicize the terms or existence of this Agreement to anyone other than their spouse(s), attorney(s) and tax advisor(s) or accountant(s), all of whom shall be notified of this limitation and agree to be bound by the terms of these agreements prior to discussion of these matters. If asked about this matter by anyone else, Faulk agrees only to state that she has elected not to pursue the matter further.

3

6. Non-Disparagement. No Party shall make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging of the other Parties, their products, services, affairs or operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander.

7. Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

8. Faulk represents and warrants that she is authorized to enter into and that he has the authority to perform the terms of this Agreement. Faulk represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

9. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

10. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

11. This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

12. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it

4

both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

13. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

14. Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

15. The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

16. The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

17. Faulk acknowledges that he has been advised to consult an attorney prior to signing this agreement. Faulk understands that whether or not he consults with an attorney is his decision. In this respect, Faulk has consulted with and been advised by C. Ryan Morgan, Esquire in this matter and is satisfied that Mr. Morgan has provided him excellent legal advice and has explained to him all of his options in connection with this Agreement.

18. This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: 6/6/16

_____
CHARLES FAULK

Date: _____

Sign: _____

Print Name: _____
**Representative of OILS UNKUT CORPORATION**

Date: _____

_____
**TILLMAN HUGHES**

18.    This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: _____          _____
                                       **CHARLES FAULK**

Date: ____6/2/2016_____         _____
                                       **Sign:**

                                       **Print Name:** _____
                                       **Representative of OILS UNKUT CORPORATION**

Date: ____6/2/2016_____         _____
                                       **TILLMAN HUGHES**

6